**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ISIDRO SALAS, | : | |
| Plaintiff, | : | Civil Action No. 06-5565 (KSH) |
| v. | : | **OPINION** |
| LYDELL SHERRER, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Isidro Salas, Plaintiff pro se
#538065
Northern State Prison
P.O. Box 2300
Newark, New Jersey 07114

**HAYDEN**, District Judge

Plaintiff Isidro Salas, a state prisoner currently confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis. Based on Plaintiff's affidavit of indigence and his prison account statements, the Court will grant the application to proceed in forma pauperis and direct the Clerk of the Court to file the petition without pre-payment of the filing fee.

Having reviewed the petition to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court

Dockets.Justia.com

concludes that the Complaint should be dismissed, without prejudice, for failure to state a claim.

**BACKGROUND**

The following facts are taken from Plaintiff's complaint and are assumed true for purposes of this review.

Plaintiff states that defendants, Northern State Prison Administrator Lydell Sherrer, Northern State Prison Executive Assistant Frank Pedalino, and Northern State Prison Corrections Officer and Security Threat Group Management Unit Hearing Committee Member Andre Graham, violated his constitutional rights.

Plaintiff states that he was involved in a fight at Bayside State Prison. On June 28, 2006, he was confined to the Northern State Prison Security Threat Group Management Unit ("STGMU"). On July 6, 2006, Plaintiff was afforded a hearing on the security threat group accusation and "argued innocence and denied [the] accusation." In July of 2006, he received the hearing committee's decision to confine him to STGMU placement. On August 1, 2006, Plaintiff appealed the decision, and on September 5, 2006, the decision was upheld. Plaintiff contends that he has been improperly classified as a gang member due to letters and pictures which were confiscated by the defendants that connected him to gang activity; due to his own admission that he was a gang

member, which he states was obtained through deceptive tactics; and due to profiling of his "body art."

Plaintiff further states that his "long-term security" was jeopardized on July 15th, "by attempting to house plaintiff in [the] same room with another inmate."

Plaintiff asks this Court "to review evidence and [for a] chance to argue accusations to claims of gang affiliation by plaintiff." He does not seek monetary relief.

**DISCUSSION**

**A. Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint or petition in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se action, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B. Section 1983 Actions**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C. Plaintiff's Complaint Fails to State a Claim.**

The Court construes Plaintiff's claim as a due process claim governed by the Fourteenth Amendment.

A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself

or enacted law. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999). As to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment").

It is well-established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. See Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005)(the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne, 427 U.S. at 243; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Moreover, the custody placement or classification of

state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Meachum, 427 U.S. at 225.

Governments, however, may confer on inmates liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In this case, Plaintiff was given a committee hearing as to his status as a gang member, and was able to appeal the decision. Plaintiff has not alleged any facts to suggest that he may be entitled to a different custody status or security classification pursuant to state statutory or regulatory law. He does not allege that any statute confers a liberty interest in being free from the constraints imposed against inmates classified as gang members. Nor does Plaintiff allege that the conditions under which he is confined present "atypical and significant hardships." Thus, Plaintiff cannot establish any deprivation of his liberty interests under the Due Process Clause. Moreover, the defendants' discretion, pursuant to state prison policy and

regulation, to classify Plaintiff as a gang member is reasonably related to the State's legitimate governmental interest in managing its prison and jail facilities and maintaining security and administrative order.

**CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice. See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)). In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

KATHARINE S. HAYDEN
United States District Judge

Dated: 12/4/06