**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISIDRO SALAS,<br><br>               Plaintiff,<br><br>     v.<br><br>LYDELL SHERRER, et al.,<br><br>               Defendants. | Civil Action No. 06-5565 (KSH)<br><br>**OPINION** |

**KATHARINE HAYDEN, U.S.D.J.**

      Plaintiff has filed a motion to reopen this civil rights case, asserting that he wishes to seek monetary relief and amend his complaint to include a failure to protect claim. Plaintiff's motion to reopen will be granted in order to consider his newly-added claims. However, having reviewed the proposed amendments to the complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the complaint should be dismissed, with prejudice, for failure to state a claim.

### BACKGROUND

      The following facts are taken from plaintiff's complaint, motion to reopen, and proposed "amended complaint" and are assumed true for purposes of this review.

      In his original complaint, plaintiff stated that defendants, Northern State Prison Administrator Lydell Sherrer, Northern State Prison Executive Assistant Frank Pedalino, and

Northern State Prison Corrections Officer and Security Threat Group Management Unit Hearing Committee Member Andre Graham, violated his constitutional rights.

Plaintiff stated that he was involved in a fight at Bayside State Prison. On June 28, 2006, he was confined to the Northern State Prison Security Threat Group Management Unit ("STGMU"). On July 6, 2006, plaintiff was afforded a hearing on the security threat group accusation and "argued innocence and denied [the] accusation." In July of 2006, he received the hearing committee's decision to confine him to STGMU placement. On August 1, 2006, plaintiff appealed the decision, and on September 5, 2006, the decision was upheld. Plaintiff contended that he has been improperly classified as a gang member due to letters and pictures which were confiscated by the defendants that connected him to gang activity; due to his own admission that he was a gang member, which he states was obtained through deceptive tactics; and due to profiling of his "body art."

Plaintiff further stated that his "long-term security" was jeopardized on July 15th, "by attempting to house plaintiff in [the] same room with another inmate."

Plaintiff asked this Court "to review evidence and [for a] chance to argue accusations to claims of gang affiliation by plaintiff." He did not seek monetary relief.

In his motion to reopen, filed on January 3, 2007, Plaintiff states that he now seeks monetary relief, and wishes to pursue a claim under 42 U.S.C. § 1983 for failure to protect. He states:

> I, Isidro Salas claim that my constitutional right to be informed was violated. Hearing Committee members at Northern State Prison Security Threat Group Management unit used informative letters to classify a non-affiliate as gang member. Therefore, causing hardship. Such as, emotional distress and mental anguish. Hearing Committee members failed to protect plaintiff by placing

    plaintiff in and around real gang member. Therefore, jeopardizing plaintiff's long term safety.

(See Plaintiff's "amended complaint," included in docket entry # 5).

## DISCUSSION

**A.**     **Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint or petition in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se action, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint

can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.**     **Section 1983 Actions**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.      Plaintiff's Complaint Fails to State a Claim.**

For the reasons set forth in this Court's Opinion issued previously in this case (docket entry # 2), Plaintiff does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. Further, as stated in this Court's previous Opinion, Plaintiff was given a committee hearing as to his status as a gang member, and was able to appeal the decision, and cannot establish a due process violation regarding his classification.

Plaintiff's newly-submitted failure to protect claim also fails to state a claim. The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim. The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison

officials exhibited "deliberate indifference" to the inmate's health or safety.  See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, Id. at 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842.  Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  Farmer, 511 U.S. at 834.

Applying Farmer to the instant action, Plaintiff states only that his classification as a gang member has caused him emotional distress and mental anguish.  He does not allege any physical injury or threats, or other adverse action due to his placement.  Plaintiff assumes that he is in jeopardy due to being classified as a gang member.  Plaintiff does not allege that defendants disregarded a risk that his classification as a gang member and placement in STGMU will sometime in the future cause him harm.  Plaintiff has not alleged facts indicating that defendants

have treated him any differently than they treat any other inmate classified as a gang member and assigned to STGMU.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion to reopen will be granted, and the complaint, and "amended complaint" will be dismissed. An appropriate Order accompanies this Opinion.

        /s/ Katharine S. Hayden
        KATHARINE S. HAYDEN
        United States District Judge

Dated:   March 15, 2007